UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HENRY MCKINLEY SCOTT, JR.,

    Petitioner,

v.                                              CIVIL ACTION NO. 2:10cv61

WARDEN PATRICIA STANSBURY,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] The matter was referred to the undersigned United States Magistrate Judge on May 27, 2010, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED and dismissed WITH PREJUDICE.[2]

---

[1] The Court exercises its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases to apply those Rules to this Section 2241 petition.

[2] This matter is before the Court on a Petition and Answer. Neither the Petitioner nor the Respondent requested an evidentiary hearing and the Court FINDS that an evidentiary hearing is not necessary after reviewing the evidence submitted by the parties. The Court will dispose with the Petition by making findings and

## I. PROCEDURAL HISTORY

Petitioner was convicted in this Court on one count of distribution of cocaine base and one count of possessing a firearm by a convicted felon on November 22, 2000. (United States v. Scott, Case No. 2:00cr98, Doc. No. 14.) Petitioner was sentenced to serve a term of 152 months in prison, later reduced to 122 months, which he is currently serving in the custody of the Federal Bureau of Prisons ("BOP"). (Id.) On February 2, 2010, the instant habeas petition was filed under 28 U.S.C. § 2241, asserting "a miscarriage of justice stemming from a custodial mix-up between state and federal comity." (ECF No. 1.) Petitioner was permitted to proceed in forma pauperis and Respondent was ordered to file a response to the petition. (ECF No. 2.) On March 8, 2010, Respondent filed her Response to Petition for Writ of Habeas Corpus. (ECF No. 4.) Respondent was ordered on April 12, 2010, to file the required Roseboro notice which Respondent did on the same day. (ECF Nos. 6-7.) Petitioner filed his Response to Respondent's Opposition on April 19, 2010. (ECF No. 8.).

## II. GROUNDS ALLEGED

Petitioner claims that he has not received full credit against his federal sentence for time served prior to March 5, 2003, the

---

conclusions pursuant to Federal Rule of Civil Procedure 52(a), made applicable to these proceedings by Rule 12 of the Rules Governing Section 2254 Cases.

date used by the BOP as the date upon which Petitioner began serving his federal sentence. First, Petitioner claims that he has not been credited for his alleged detention in federal custody from October of 1999 through July of 2000. Second, Petitioner claims that he has been in continuous custody under the primary jurisdiction of federal authorities since his alleged arrest in October of 1999, and that as a result, the time spent serving his state sentence prior to March 5, 2003, should be credited against his federal sentence as well.

### III. JUDICIAL NOTICE AND EXPANSION OF THE RECORD

In addition to the pleadings and other papers of record in this habeas proceeding, Scott v. Stansbury, Case No. 2:10cv61, the Court takes judicial notice of its own file in the related criminal action, United States v. Scott, Case No. 2:00cr98. This includes, in particular, a letter received by the Court from the Petitioner, dated November 10, 2000, in which the Petitioner stated that he had been in "captivity" since November 2, 1999. (Doc. No. 15, Case No. 2:00cr98.) See Fed. R. Evid. 201, 1101(e); Cagan v. Intervest Midwest Real Estate Corp., 774 F. Supp. 1089, 1091 n.1 (N.D. Ill. 1991)(court may take judicial notice of its own file in a related case); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989); United States ex re. Robinson Rancheria

Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

The Court has also deemed it appropriate to expand the record to include the following letters also pertinent to this habeas proceeding, each of which was placed in the Court's file for Case No. 2:00cr98 when sent or received by the Court, but not contemporaneously docketed by the Clerk:

1. Letter from Petitioner to Honorable Henry Coke Morgan, dated April 14, 2003, in which the Petitioner stated that he had been doing time ever since November 2, 1999, and was in state custody until the "feds came and got me in July of 2000 . . . ." (Ex. 2 to this Report.)

2. Letter from the Honorable Senior United States District Judge Henry Coke Morgan, Jr. to Eric Wohltjen, Acting Chief of the Federal Bureau of Prisons in which Judge Morgan provides the Court's position as to certain concerns raised by the BOP as to Petitioner's sentence. (Ex. 3 to this Report.)

3. Letter from Petitioner to Honorable Henry Coke Morgan, dated November 10, 2010, in which the Petitioner provides further documentation in support of his Petition for writ of habeas corpus. (Ex. 4 to this Report.)

See Rule 7 Governing Section 2254 Cases; Blackledge v. Allison, 431 U.S. 63, 81-82 (1977). Because these materials are

4

obtained from the Court's own file, the Court finds it unnecessary to require any additional authentication of these letters. See Rule 7(a) Governing Section 2254 Cases.

The Petitioner is advised that he has the right to admit or deny the correctness of these additional materials, or otherwise object, as set forth in the review procedure outlined at the end of this Report. See Rule 7(c) Governing Section 2254 Cases; Fed R. Evid. 201(e).

## IV. FINDINGS OF FACT

Based on its review of the record, the Court hereby FINDS that:

1. Petitioner was in state custody and under the primary jurisdiction of the Commonwealth of Virginia during the period of November 2, 1999, until August 3, 2001. This period of Petitioner's incarceration was credited towards a state sentence for Petitioner's violation of terms and conditions after his release on parole from a February 16, 1995, sentence in the County of Southampton. The period commenced when Petitioner was arrested on a Virginia Parole Board warrant on November 2, 1999. (ECF No. 4, Ex. D, G, J, O ¶7); (Ex. 1-3 to this Report.)[3]

---

[3] Petitioner asserts that he was arrested in late October of 1999 by a federal drug task force and was in federal custody during the time period in question. However, Petitioner provides no evidence to support such a finding of fact. Petitioner has submitted a document appearing to be from the United States Marshal

2. Petitioner was in state custody and under the primary jurisdiction of the Commonwealth of Virginia during the period of August 3, 2001, to March 5, 2003. This period of Petitioner's incarceration was credited towards a state sentence imposed when the Circuit Court of the County of Southampton revoked Petitioner's suspended sentence imposed pursuant to a February 16, 1995, conviction. (ECF No. 4, Ex. A, M, O ¶13, P.)[4]

---

Service ("USMS") which identifies the Petitioner by a different USMS number than the number Petitioner is currently assigned by the USMS, but neither the additional number nor the related documents provide any information indicating that Petitioner was in federal custody in October of 1999. (ECF No. 1, Ex. A.) In any event, Respondent explains that the different USMS number corresponds to a period when Petitioner was serving a different sentence than the sentence for which he is currently incarcerated. (ECF No. 4, Ex. O ¶16.) The Court considered numerous exhibits provided by the Respondent which demonstrate that Petitioner was arrested on a Virginia Parole Board warrant on November 2, 1999. Further, there is no evidence in the record that Petitioner was ever in any form of federal custody until June 7, 2000, when USMS "borrowed" Petitioner pursuant to a writ of habeas corpus ad prosequendum. Finally, Petitioner's own letters to the Court corroborate these factual findings. (Ex. 1-2 to this Report.)

[4] A Virginia Parole Memo dated August 21, 2001, states that Petitioner was released via parole to USMS custody on August 3, 2001. (ECF No. 4, Ex. K.) The weight of the evidence clearly compels the Court to find that this statement is in error. USMS records demonstrate that Petitioner was not released into USMS custody until March 5, 2003. (ECF No. 4, Ex. M, N.) In addition, the Court takes judicial notice of state court records which clearly establish that the Southampton Circuit Court revoked the Petitioner's probation on July 31, 2001, sentencing Petitioner to serve an additional three years in prison under his previously suspended sentence. See Commonwealth v. Scott, Case Nos. CR94A00240-00, CR94A00270-00 (Southampton (VA) County Cir. Ct. July 31, 2001), available at http://www.courts.state.va.us/caseinfo/home.html (last accessed Dec. 10, 2010); see also Lynch v. Leis, 382 F.3d 642, 647 & n.5 (6th Cir. 2004)(taking judicial notice of state court records available to public online). It appears that the author of the August 21, 2001, Memo was unaware of the Petitioner's probation revocation when he or she prepared and subsequently circulated the Memo.

3. Petitioner was in secondary federal custody while still under the primary jurisdiction of the Commonwealth of Virginia during the period of July 11, 2000, to December 27, 2000. Petitioner was in secondary federal custody pursuant to a writ of habeas corpus *ad prosequendum*. During this period, Petitioner pled guilty and was sentenced under Case Number 2:00cr98.[5] This is the sentence for which the Petitioner is currently incarcerated. (ECF No. 4, Ex. E, M, O ¶¶12-13.)[6]

---

[5] The Court's judgment held that "[t]his sentence is imposed independently of any sentence that may be imposed because of any pending parole violation based on prior offenses." (Scott, Case No. 2:00cr98, Doc. No. 14.)

[6] Petitioner submits a copy of a state writ of habeas corpus *ad prosequendum* directing the USMS to deliver Petitioner to the Southampton County Sheriff's Department on July 27, 2000. (Ex. 4 to this Report.) Petitioner was turned over to the custody of Southampton County on July 26, 2000, so Petitioner could attend a hearing where state charges were dismissed. Petitioner was returned to the custody of USMS two days later on July 28, 2000. (ECF No. 4, Ex. M, at 2.) The Southampton writ of habeas corpus *ad prosequendum* does not conflict with the Court's finding that Petitioner was in the primary jurisdiction of the Commonwealth of Virginia and merely in the secondary custody of the federal government in July of 2000.
The Court also notes that a Probation Violation Report prepared by Petitioner's state probation officer dated January 23, 2001, suggests that Petitioner was already serving his federal prison obligation and would be released to the Virginia Department of Corrections to satisfy his state sentence once his federal sentence was completed. The report states that Petitioner "is currently in Federal custody," and that the probation officer had contacted the Federal Bureau of Prisons on January 23, 2001, to locate Petitioner and "was told that he has not been 'processed' into the system." (ECF No. 4, Ex. H.) The weight of the evidence compels the Court to find that this document contains mistaken information regarding the whereabouts of Petitioner. In particular, it appears that the state probation officer mistook December 27, 2000, as the date Petitioner was <u>received</u> by the USMS for Petitioner to commence serving his federal sentence. But in fact, December 27, 2000, was the date Petitioner was <u>returned</u> to state custody by the USMS who had been holding Petitioner under the authority of the writ of habeas *ad prosequendum*. (ECF No. 4, Ex.

7

4. Petitioner was and is in federal custody and under the primary jurisdiction of the BOP during the period of March 5, 2003, to the present. Petitioner is serving his sentence imposed by this Court on November 22, 2000. (ECF No. 4, Ex. L, M.)

## V. CONCLUSIONS OF LAW

When an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). A writ of habeas corpus *ad prosequendum* does not change the defendant's primary custody status, as the writ only authorizes federal authorities to "borrow" the defendant for court proceedings. Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992); Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978). "A prisoner is not even in custody . . . when he appears in federal court pursuant to a writ *ad prosequendum*." Thomas, 962 F.2d at 361 n.3.

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Where a state has primary custody over the defendant, federal custody under the federal criminal sentence

M.)

"commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Evans, 159 F.3d at 912; Waters v. O'Brien, No. 7:08cv555, 2009 U.S. Dist. LEXIS 66001, at *8-*9 (W.D. Va. June 23, 2009). The only exception is where the Attorney General or BOP agrees to designate the state facility for service of the federal sentence. Evans, 159 F.3d at 911-12. The BOP has the discretion to deny a request for such *nunc pro tunc* designation. Waters, 2009 LEXIS 66001 at *9; see Trowell v. Beeler, 135 Fed. App'x 590, 593 (4th Cir. 2005).

### a. Credit For Prior Federal Custody

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b)(1) and (2). The BOP, with the administrative assistance of the Attorney General, makes the determination concerning any pre-sentencing credit to which the Petitioner is entitled. United States v. Wilson, 503 U.S. 329, 335 (1992).

Petitioner requests that this Court find that the BOP has failed to credit him for time in official detention prior to

9

federal charges being brought against him in June of 2000. (ECF No. 1, at 7.) Petitioner claims he was placed in federal custody in October of 1999. Although the Court finds no basis in the evidence for this contention, it must still determine whether Petitioner is entitled to any credit for time served prior to the commencement of his federal sentence pursuant to his conviction in United States v. Scott, Case No. 2:00cr98.

The statute allows for "prior custody" credit if Petitioner was in official detention "as a result of the offense for which the sentence was imposed" prior to the date Petitioner's sentence commenced. Petitioner's sentence commenced on March 5, 2003. None of the time for which Petitioner was in official detention prior to March 5, 2003, was "as a result of the offense" for which he is currently incarcerated. For the entire period between November 2, 1999, and March 5, 2003, the Petitioner was serving time which was the result of state offenses. Likewise, Petitioner is not entitled to credit under 18 U.S.C. § 3585(b)(2) because the entire period between November 2, 1999, and March 5, 2003, has been credited against other sentences, namely, Petitioner's sentence for a state parole violation and subsequent sentence imposed upon revocation of probation and suspended sentence.

In a sworn affidavit before this Court, John A. Farrar, an employee of the BOP, stated that "[i]n accordance with 18 U.S.C. §

10

3585(b), prior custody credit was not applied against [Petitioner's] federal sentence for the period of November 2, 1999, through March 4, 2003, as during this time he was in the primary custody of the State of Virginia, as a result of state offenses, and in service of his Virginia state sentence . . . . [C]redit was either applied against the state sentence or was time spent serving a state sentence." (ECF No. 4, Ex. O ¶15.) This Court finds no basis for disturbing the credit calculation made by the BOP.

### b. Credit For Time Served In State Custody

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). When it sentenced Petitioner, this Court stated that "[t]his sentence is imposed independently of any sentence that may be imposed because of any pending parole violation based on prior offenses." (Scott, Case No. 2:00cr98, Doc. No. 14.) In sentencing Petitioner, the Court made no determination as to whether future state sentences would be served consecutive or concurrent to the federal sentence for which Petitioner is currently serving time. See United States v. Smith, 472 F.3d 222, 226 (4th Cir. 2006).

Therefore, this Court made no determination that Petitioner was to serve his federal and state sentences concurrently and the only reason advanced by Petitioner to support his contention that he should receive credit against his federal sentence for time spent in state custody is his allegation that he was in the primary custody of the federal government while serving his state sentences. As noted above, there is no support for this factual contention in the record. This Court has found that Petitioner was taken into state custody on November 2, 1999, and the only period before March 5, 2003, during which the Petitioner was in federal custody was the period between July 11, 2000, and December 27, 2000, when Petitioner was in temporary and secondary federal custody pursuant to a writ of habeas corpus *ad prosequendum*. However, this period of secondary federal custody did not impact the primary custody that the Commonwealth of Virginia had over the Petitioner. Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992.) The Petitioner was never in the primary custody of the federal government until the commencement of his federal sentence on March 5, 2003. Therefore, Petitioner is not entitled to credit towards his sentence for any period prior to March 5, 2003.

To the extent that Petitioner's petition requests that this Court determine or recommend that the BOP should retroactively designate a state facility as Petitioner's initial place of

confinement, the Court declines to do so. It is at the BOP's discretion to designate the place of a prisoner's imprisonment and this Court finds no basis to disturb the BOP's designation of Petitioner's place of confinement. Moreover, the Court finds that this issue of retroactive designation was previously and decisively addressed by this Court. (See Ex. 3 to this Report.)

## VI. RECOMMENDATION

For the foregoing reasons, the Court recommends that Petitioner's petition for a writ of habeas corpus be DENIED and his claims be DISMISSED WITH PREJUDICE.

The Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003).

## VII. REVIEW PROCEDURE

By copy of this Report and Recommendation, the Petitioner is notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C)

and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ C. Bradley Pillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 16, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Henry McKinley Scott, Jr., #50540-083
P.O. Box 1000
Petersburg, VA 23804
PRO SE

Mark Anthony Exley
United States Attorney Office
101 W. Main Street, Suite 8000
Norfolk, VA 23510
Counsel for Respondent

Fernando Galindo,
Clerk of Court

By: /s/ Deputy Clerk

December 16, 2010